**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESSICA ASPRILLA,**
              **Plaintiff,**

-vs-                                     **Case No. 6:09-cv-101-Orl-28KRS**

**FERNANDO TRINIDAD, CITY OF**
**ORLANDO, CLUB PARIS, LLC, and**
**CLUB PARIS HOLDINGS, LLC,**
              **Defendants.**

## ORDER

This cause is before the Court on the Motion to Dismiss (Doc. 7) filed by Defendant City of Orlando ("the City"). Plaintiff, Jessica Asprilla ("Asprilla"), has filed a Response (Doc. 13) to the motion, and the Court now issues the following ruling thereon.

### I. Background

In the early morning hours of April 12, 2007, Defendant Fernando Trinidad ("Trinidad")—an employee of the Orlando Police Department ("OPD")—was acting as a security guard at the night club formerly known as Club Paris while wearing his OPD uniform.[1] (Compl., Doc. 2, ¶¶ 3, 16). In his capacity as a security guard, Trinidad verbally directed Asprilla to leave the club at approximately 2:45 A.M., began escorting her to the exit, and then pushed her in an apparent attempt to make her move towards the exit. (Id. ¶¶ 17-

---

[1] According to the Complaint, OPD maintains an official policy whereby it permits its officers to accept off-duty employment as security guards for third-party organizations. (Compl. ¶ 15). OPD permits its officers to wear full uniform and to use OPD property during these off-duty assignments. (Id.). Though officially off duty, the officers maintain their authority to arrest individuals. (Id.).

19).  Asprilla, as a result of this push, fell down a flight of stairs and sustained physical injury. (Id. ¶ 20).  Based upon facts in a charging affidavit sworn to by Trinidad, formal charges were filed against Asprilla on August 31, 2007.  (Id. ¶ 25).  Asprilla was arrested on September 9, 2007 on a felony charge of battery on a law enforcement officer in violation of section 784.07, Florida Statutes, and a misdemeanor charge of resisting a law enforcement officer without violence in violation of section 843.02, Florida Statutes.  (Id. ¶¶ 22-26).  Asprilla maintained her innocence throughout the criminal proceedings and was ultimately exonerated after a video recording of the incident from the club's surveillance cameras revealed the falsity of Trinidad's statements.  (Id. ¶¶ 28, 32-33).

On December 3, 2008, Asprilla filed suit against Defendants—Fernando Trinidad, City of Orlando, Club Paris, LLC, and Club Paris Holdings, LLC[2]—in the Ninth Judicial Circuit, Orange County, Florida, alleging four violations of 42 U.S.C. § 1983 (Counts I-IV) and five state law claims (Counts V-IX).  Trinidad removed this action from state court, (Doc. 1), and the City has now moved to dismiss Count IV (§ 1983 Municipal Liability), Count V (Negligence), Count VI (False Imprisonment), Count VII (Battery), Count VIII (Malicious Prosecution), and Count IX (Intentional Infliction of Emotional Distress) insofar as these Counts seek recovery against the City, (Doc. 7).

## II.  Motion to Dismiss Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2).  "'[D]etailed

---

[2]Defendants Club Paris, LLC and Club Paris Holdings, LLC have been dismissed from the suit.  (See Order, Doc. 22).

factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

The City requests that this Court dismiss Counts IV through IX of the Complaint as they apply to the City. In her response, Asprilla agrees with the City that Count VI (false imprisonment), Count VIII (malicious prosecution), and Count IX (intentional infliction of emotional distress) are barred by section 768.28(9)(a), Florida Statutes, and stipulates to their dismissal with prejudice against the City. (Doc. 13 at 13). The Court now addresses the remaining counts in turn.

A.  Count IV – § 1983 Municipal Liability

Municipal liability may not be imposed in a § 1983 case based on respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Instead, to impose liability upon a municipality under § 1983, a plaintiff is required to show: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or

custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). "[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Bd. of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997). "It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983." City of Canton v. Harris, 489 U.S. 378, 385 (1989) (internal quotations omitted).

Count IV of the Complaint asserts a § 1983 claim against the City, alleging that OPD's disciplinary policy for a first violation of the department policy forbidding the filing of "false bookings and reports" led Trinidad to violate Asprilla's constitutional rights. According to the Complaint, the punishment for a first violation is either an eight-hour suspension or an oral reprimand. (Id. ¶ 65). Asprilla avers that this policy is "objectively unreasonable, and by virtue of its objective unreasonableness, contributes to and encourages the falsification of charging affidavits and other police documents where the benefit to an officer for falsifying said documents . . . outweighs the risk or cost of a sustained violation of the [department's] policy." (Id. ¶ 68). Asprilla contends that this policy "materially contributed to, aided and abetted, and otherwise encouraged Trinidad's patently unreasonable conduct towards Asprilla" and that this conduct violated Asprilla's rights under the Fourth and Fourteenth Amendments. (Id. ¶ 69).

In its motion to dismiss, the City disputes whether imposition of an eight-hour suspension for a first violation of the policy against falsifying a charging affidavit is a municipal custom or policy that constitutes a "deliberate indifference to citizens' constitutional

rights." (Doc. 7 at 5). The City also argues that because Trinidad's conduct was in violation of OPD's policy and he was in fact disciplined for this conduct, this policy cannot be the moving force behind any alleged constitutional violation. (Id.).

The Supreme Court has stated that "a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy" attributable to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). However, when a plaintiff relies upon a municipal policy which is not unconstitutional in and of itself, "considerably more proof than the single incident will be necessary . . . to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." Id. at 824 (internal footnotes omitted). OPD's policy of disciplining an officer with an eight-hour suspension for falsifying a charging affidavit is not in and of itself an unconstitutional municipal policy. Asprilla does not allege a complete failure to discipline its employees, nor does she allege that the City is aware of any previous constitutional deprivations as a result of inadequately disciplining its officers for filing false charging affidavits. Count IV as currently pleaded fails to establish the requisite fault of the City or the causal connection between OPD's policy of disciplining its employees and the alleged violation of Asprilla's constitutional rights by Trinidad. Therefore, the City's motion to dismiss Count IV must be granted; however, Asprilla will be afforded an opportunity to replead this claim.

B.  Count V – Negligence

Count V asserts a claim of negligence against the City for failure to deliver exculpatory

evidence concerning the events of April 12, 2007 after the City acquired knowledge of the falsity of Trinidad's allegations but prior to the filing of felony charges.[3] (Compl. ¶ 81). Asprilla contends that the City breached its legal duty to her by not informing the prosecuting attorney that OPD's internal investigation had discovered evidence establishing the falsity of Trinidad's allegations against Asprilla prior to the filing of felony charges against her. (Id. ¶¶ 82-83). Asprilla alleges that as a result of the City's negligence, she has suffered damages, including the costs of defending the litigation against her. (Id. ¶¶ 84-85). In its motion to dismiss, the City argues that it owed no duty to Asprilla[4] and that even if a duty existed, Asprilla's claim would be barred by Florida's sovereign immunity statute.

Under section 768.28(1), Florida Statutes, the state of Florida has waived its immunity from tort liability "under circumstances in which the state or [an] agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state." § 768.28(1), Fla. Stat. When a municipality is sued in negligence, courts must follow

---

[3]In her claim for negligence, Asprilla inadvertently refers to the events transpiring at Club Paris as "the April 12, 2008 incident." (Compl. ¶ 81). However, it is clear from the allegations in the Complaint that Asprilla intended Count V to encompass the events which occurred on April 12, 2007.

[4]However, in arguing that decisions concerning the retention, discipline, and investigation of law enforcement officers are inherently governmental acts and therefore the City owes no duty to Asprilla, the City misconstrues Asprilla's theory of recovery. (Doc. 7 at 7). In her claim for negligence, Asprilla does not argue that the City negligently trained or disciplined its officers or that it negligently investigated the incident; she actually argues quite the opposite regarding the investigation of the incident. She alleges that the City successfully investigated Trinidad's actions and determined that Trinidad had filed a false charging affidavit. Asprilla avers that after this successful investigation, the City negligently failed to disclose exculpatory evidence to the prosecuting authority, leading to her unlawful prosecution for a felony offense.

a two-step process: (1) determine whether the alleged act of negligence would subject a private person to liability under the laws of the state; and (2) determine whether the alleged act is "discretionary" in nature—as opposed to "operational"—and therefore immune from tort liability. See Mosby v. Harrell, 909 So. 2d 323, 326-27 (Fla. 1st DCA 2005).

The Complaint adequately sets forth the essential elements of a cause of action for negligence in that Asprilla alleges a duty of care owed to her by the City, a breach of this duty, and resulting damages. Asprilla alleges that the City owed a duty to disclose the exculpatory evidence in its possession prior to her prosecution. (Compl. ¶ 81). "When a defendant's conduct creates a foreseeable zone of risk, Florida law generally will recognize a duty upon the defendant to either lessen the risk or see that sufficient precautions are taken to protect persons within that zone of risk from the harm that the risk poses." Mosby, 909 So. 2d at 327. A private party filing a charging affidavit would owe a duty to exercise reasonable care in doing so because it is reasonably foreseeable that as a result of a false charging affidavit, the wrongly accused would be prosecuted. Discovery of evidence establishing the falsity of a charging affidavit prior to the prosecuting authority filing charges would create a duty to disclose this evidence either to lessen the risk of, or to protect from, an improper prosecution. As this Court must accept as true the allegations of Asprilla's Complaint, she has adequately alleged a breach of duty sufficient to sustain a cause of action against the City for negligence.

Because the Court finds that as alleged the City's actions—or lack thereof—violated a duty of care to Asprilla sufficient to subject a private person to liability under the laws of

Florida, the Court next examines whether the City's failure to notify the prosecuting authority of the false allegations constitutes a discretionary act for which the City would be immune from tort liability. In this context, a "discretionary" act is one which involves "an exercise of executive or legislative power such that a court's intervention by way of tort law would inappropriately entangle the court in fundamental questions of policy and planning." Id. at 328. An "operational" act is "one not necessary to or inherent in policy, merely reflecting a secondary decision as to how those policies or plans will be implemented." Id. When a member of a police department has knowledge that a false charging affidavit has been filed, the duty to disclose this knowledge to the prosecuting authority cannot be deemed by this Court to be a discretionary duty. If it were, members of the police department would be encouraged to remain silent in the face of a wrongful prosecution. Asprilla has adequately alleged a claim for negligence, and the alleged acts of the City are not discretionary in nature; therefore, the City's request that this Court dismiss Count V of the Complaint must be denied.

Count VII – Battery

In Count VII, Asprilla alleges that Trinidad committed battery by "intentionally pushing Asprilla down a flight of stairs." (Compl. ¶ 96). The City argues that Asprilla's claim for battery against the City is barred by section 768.28(9), Florida Statutes, which states that a municipality may not be held liable for the actions of its employees if the act was "'committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.'" (Doc. 7 at 9 (quoting § 768.28(9), Fla. Stat.)). Asprilla, however, attempts to rescue her claim by alleging that a question of fact remains as to

whether Trinidad acted with wilful or wanton disregard for human rights, safety, or property. This argument rings hollow in light of Asprilla's own pleading wherein she states that Trinidad "intentionally push[ed] Asprilla down a flight of stairs." (Compl. ¶ 96). The City's position is well taken, and Asprilla's claim for battery is dismissed without prejudice.

## IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The City's Motion to Dismiss (Doc. 7) is **GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** with regard to Counts IV, VI, VII, VIII, and IX and is **DENIED** as to Count V.

2. Count VI, Count VIII, and Count IX are **DISMISSED WITH PREJUDICE** as they relate to the City.

3. Count IV and Count VII are **DISMISSED WITHOUT PREJUDICE** as they relate to the City.

4. Asprilla is granted leave to file an Amended Complaint on or before August 14, 2009.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 14th day of July, 2009.

Copies furnished to:
Counsel of Record
Unrepresented Party

JOHN ANTOON II
United States District Judge